<u>**NOT FOR PUBLICATION**</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHELSEA CHECK CASHING, L.P. d/b/a    :
CHELSEA CHECK CASHING AGENCY    :    Civil Action No. 02-5557
d/b/a CHELSEA CHECK CASHING, INC.  :
d/b/a THURLOW CHECK    :    **OPINION**
CASHING, INC.,    :
    :
                   Plaintiffs,    :
    :
        v.    :
    :
JOEL TOUB and SKLAR CARMOSIN &    :
COMPANY,    :
    :
                   Defendants.    :

**Appearances:**

Edmond Michael George, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
1617 JFK Boulevard
Suite1900
Philadelphia, PA 19103
        Attorney for Plaintiffs

Arthur W. Lefco, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
        Attorney for Defendants

**RODRIGUEZ, Senior District Judge:**

This matter has come before the Court on motion of Defendants Joel Toub and

Sklar Carmosin & Company for partial summary judgment [25].  For the reasons

1

discussed below, Defendants motion will be granted in part and denied in part.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Chelsea Check Cashing, L.P. ("Chelsea") filed for bankruptcy under Chapter 11 of the Bankruptcy Code on March 13, 2001, and Plaintiff Thurlow Check Cashing, Inc. ("Thurlow") filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on December 7, 2000.  Their respective trustees instituted the present action on September 18, 2002, on claims that Defendants Joel Toub ("Toub") and Sklar Carmosin & Company ("Sklar Carmosin") (collectively referred to as "Defendants") were both negligent and negligent per se, negligently misrepresented the truth, and breached the contract between the parties.

Defendants, an accountant and accounting firm, were retained by Plaintiffs to provide monthly reconciliations, journals, and adjustments to the books and to compile financial statements.  (Pl. Compl. For Turnover and Damages, ¶ 15.)  Plaintiffs allege that Defendants "failed to uncover certain 'out of trust' transactions, and a complete lack of internal cash flow management controls, which problems were exacerbating [Plaintiffs'] serious cash flow problem, and should have been a red flag to [Sklar Carmosin] as to the [Plaintiffs'] financial condition."  (Pl. Compl. For Turnover and Damages, ¶ 25.)  Plaintiffs further allege that "the Financial Statements were issued [by Defendants] without the disclosure of numerous other internal operating problems and shortfalls in [Plaintiffs'] financial operations."  (Pl. Compl. For Turnover and Damages, ¶ 29.)

2

Defendants filed a motion for partial summary judgment on the grounds that the trustee of the bankruptcy estate does not have standing to pursue the claims of individual creditors and that a violation of the American Institute of Certified Public Accountant's Guidelines ("AICPA Guidelines") does not support a cause of action for negligence per se.  Plaintiffs do not oppose the instant motion.[1]

## DISCUSSION

### I.  Trustees' Standing to Assert Claims on Behalf of Creditors

Defendants argue that Plaintiffs' trustees attempt to assert claims on behalf of individual creditors by using the following language in the Complaint:

> In Count I, Negligence, ¶37 the Trustee alleges that Defendants owed "a duty to Debtor and its creditors."  In Count II, Negligence Per Se, ¶47 the Trustees allege that "Sklar is liable for actual damages to Debtors and all creditors of the estate ... ."  In Count III, Negligence Misrepresentation, ¶49, the Trustees allege that the work product of Defendants would "be relied upon by identifiable creditors" and that the "negligence misrepresentations" contained in the Defendants' work product caused damage.  Finally, in Count IV, Breach of Contract, ¶60, the Trustees allege that "Debtors, their creditors and shareholders suffered damages ... ."  (sic)

(Def. Br., p. 6.)  To this end, Defendants argue that the trustees lack standing to bring these claims because the individual claims belong to the creditors and/or shareholders and

---

[1]However, when a motion under Fed. R. Civ. P. 56 is unopposed, the rule provides that summary judgment shall be entered against the non-movant "if appropriate."  See also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even when a motion for summary judgment is unopposed the district court must determine whether the moving party is entitled to judgment as a matter of law).

are not, therefore, property of the bankruptcy estate.  (Def. Br., p. 6.)

Whether or not the trustees have standing to pursue the claims of individual creditors is immaterial here.  According to the Complaint, the only Plaintiffs are Chelsea and Thurlow.  Notwithstanding the language by Defendants quoted above, it does not appear that the trustees are pursuing the claims of the individual creditors.  Moreover, by Defendants own admission, many of the individual creditors have already asserted their individual claims in separate actions.  (Def. Br., p. 7-8.)  Therefore, Defendants' motion for summary judgment against individual creditors and/or shareholders that are not parties here will be denied.

## II. Negligence Per Se

Defendants also argue that summary judgment in their favor is appropriate on the Plaintiffs' negligence per se claim.

### A.  Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (c).  Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

4

that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the Court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

> to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the fact finder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**B.  Negligence Per Se**

A claim of negligence per se is supported by the violation of a statute or regulation only when that statute or regulation "serve[s] to impose direct tort liability on the [person who offends it]."  Alloway v. Bradlees, Inc., 723 A.2d 960, 967 (N.J. 1999) (citing Bortz v. Rammel, 376 A.2d 1261, 1265 (N.J. App. Div. 1977) (noting that "[i]t is first well settled in this jurisdiction that proof of a deviation from a statutory standard of conduct, while not conclusive evidence on the issue of negligence in a civil action, is nevertheless a relevant circumstance to be considered by the trier of fact in assessing tort liability"); cf. Eaton v. Eaton, 575 A.2d 858, 865-66 (N.J. 1990) (holding that the violation of the careless driving statute was negligence per se because the statute specifically incorporated the common-law standard of care).

Although the New Jersey courts have not had occasion to determine whether a

violation of the AICPA Guidelines constitutes negligence per se, it is unlikely that the

Supreme Court of New Jersey would so hold.  Defendants persuasively argue that the

application of the AICPA Guidelines should be similar to the application of the Rules of

Professional Conduct ("RPCs"), which governs the conduct of attorneys.  In Baxt v.

Liloia, the Supreme Court of New Jersey noted that "[n]either the Appellate Division nor

[it] has held . . . that the RPCs in themselves create a duty or that a violation of the RPCs,

standing alone, can form the basis for a cause of action."  714 A.2d 271, 277 (N.J. 1998),

reaff'd by, Banco Popular N. Am. v. Gandi, 876 A.2d 253, 266 n.8 (N.J. 2005).[2]

Count Two of Plaintiffs' Complaint alleges that "Sklar had no reasonable basis for

the failure to comply with the appropriate standards for compilations and reviews in

issuing the Financial Statements, which is negligence per se."  However, the Court finds

that a violation of the AICPA Guidelines is not a sufficient basis to establish negligence

per se because they were not designed to create a duty or independent basis for a cause of

action.  Therefore, Plaintiffs are unable to present evidence such that a reasonable jury

could find negligence per se.  Accordingly, Defendants' motion for summary judgment

will be granted.

---

[2]Moreover, the Supreme Court of New Jersey has held that violation of the
Occupational Safety and Health Act Regulations are evidence of negligence, rather than
negligence per se.  Kane v. Hartz Mountain Indus., Inc., 650 A.2d 808, 815 (N.J. Super.
App. Div. 1994).

## <u>CONCLUSION</u>

Based on the foregoing, Defendants Joel Toub's and Sklar, Carmosin &

Company's Partial Motion for Summary Judgment [25] will be granted in part and denied

in part.  The motion will be granted to the extent Defendants seek judgment as to Count

Two of Plaintiffs Chelsea Check Cashing, L.P.'s d/b/a Chelsea Check Cashing Agency's

d/b/a Chelsea Check Cashing, Inc.'s d/b/a Thurlow Check Cashing, Inc.'s Complaint.

The motion will be denied in all other respects.

An appropriate Order will issue this date.


<u>/S/ Joseph H. Rodriguez</u>
JOSEPH H. RODRIGUEZ
U.S.D.J.

Dated: January 9, 2006