<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHELSEA CHECK CASHING, L.P. d/b/a  : | | |
| CHELSEA CHECK CASHING AGENCY  : | | Civil Action No. 02-5557 |
| d/b/a CHELSEA CHECK CASHING, INC.  : | | |
| d/b/a THURLOW CHECK   : | | **OPINION** |
| CASHING, INC.,   : | | |
|   : | | |
| Plaintiffs,   : | | |
|   : | | |
| v.   : | | |
|   : | | |
| JOEL TOUB and SKLAR CARMOSIN &   : | | |
| COMPANY,   : | | |
|   : | | |
| Defendants.   : | | |

**Appearances:**

Edmond Michael George, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
1617 JFK Boulevard
Suite1900
Philadelphia, PA 19103
    Attorney for Plaintiffs

Arthur W. Lefco, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
    Attorney for Defendants

<u>**RODRIGUEZ**</u>**, Senior District Judge.**

This matter has come before the Court on motion of Plaintiffs Chelsea Checking, L.P. and Thurlow Check Cashing, Inc. for reconsideration [29] of this Court's Opinion

1

and Order of January 10, 2006, which granted in part and denied in part Defendants Joel Toub's and Sklar Carmosin & Company's Motion for Summary Judgment. For the reasons discussed below, Plaintiff's Motion will be denied.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

The facts are repeated here for the convenience of the parties. Plaintiff Chelsea Check Cashing, L.P. ("Chelsea") filed for bankruptcy under Chapter 11 of the Bankruptcy Code on March 13, 2001, and Plaintiff Thurlow Check Cashing, Inc. ("Thurlow") filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on December 7, 2000. Their respective trustees instituted the present action on September 18, 2002, on claims that Defendants Joel Toub ("Toub") and Sklar Carmosin & Company ("Sklar Carmosin") (collectively referred to as "Defendants") were both negligent and negligent per se, negligently misrepresented the truth, and breached the contract between the parties.

Defendants, an accountant and accounting firm, were retained by Plaintiffs to provide monthly reconciliations, journals, and adjustments to the books and to compile financial statements. (Pl. Compl. For Turnover and Damages, ¶ 15.) Plaintiffs allege that Defendants "failed to uncover certain 'out of trust' transactions, and a complete lack of internal cash flow management controls, which problems were exacerbating [Plaintiffs'] serious cash flow problem, and should have been a red flag to [Sklar Carmosin] as to the [Plaintiffs'] financial condition." (Pl. Compl. For Turnover and Damages, ¶ 25.)

Plaintiffs further allege that "the Financial Statements were issued [by Defendants] without the disclosure of numerous other internal operating problems and shortfalls in [Plaintiffs'] financial operations." (Pl. Compl. For Turnover and Damages, ¶ 29.)

On November 23, 2005, Defendants filed a Motion for Partial Summary Judgment on the grounds that the trustee of the bankruptcy estate does not have standing to pursue the claims of individual creditors and that a violation of the American Institute of Certified Public Accountant's Guidelines ("AICPA Guidelines") does not support a cause of action for negligence per se. Plaintiffs did not oppose the motion.[1] On January 10, 2006, the Court denied Defendants' Motion to the extent it sought judgment against individuals not party to the suit. However, the Court granted Defendants' Motion insofar as it related to the AICPA Guidelines.

On January 24, 2006, Plaintiffs filed a Motion for Reconsideration of this Court's January 10, 2006 Opinion and Order. First, Plaintiffs argue that the summary judgment motion did not comply with the deadline established by the final scheduling order and did not comply with L.Civ.R. 7(d)(1). Second, although Plaintiffs agree that summary judgment was proper as to their claims of negligence per se for the failure to comply with the applicable AICPA Guidelines, they argue that their claims of negligence per se for

---

[1] However, when a motion under Fed. R. Civ. P. 56 is unopposed, the rule provides that summary judgment shall be entered against the non-movant "if appropriate." See also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even when a motion for summary judgment is unopposed the district court must determine whether the moving party is entitled to judgment as a matter of law).

3

violation of 17 N.J.S.A. § 15A-38 should not be precluded. Each of these arguments will be taken in turn.

## DISCUSSION

### I.  Time Constraints of the Final Scheduling Order

Plaintiffs argue that Defendants' Motion for Summary Judgment was filed beyond the time specified in the Final Scheduling Order, and should, therefore, be denied as untimely.  However, it is within this Court's discretion to modify the scheduling order upon a showing of good cause.  See FED R. CIV. P. 16(b); CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1522.1. In this case, the amount of time that passed between the date specified in the Final Scheduling Order and the actual filing of the Motion is negligible.[2]  Moreover, Plaintiffs have not made any showing of prejudice.  In fact, Plaintiffs agree to be bound by the Court's Opinion and Order to the extent that it is limited to the grant of judgment on the AICPA Guideline claim.  Therefore, the Court finds that it was proper to review Defendants' untimely Motion for Summary Judgment.

### II. L.Civ.R. 7.1(d((1)

Plaintiffs also argue that Defendants' Motion for Summary Judgment should not

---

[2] The Final Scheduling Order required dispositive motions to be filed by November 4, 2005 with a return date of December 2, 2005.  Defendants Motion for Summary Judgment was filed November 23, 2005.  However, it was originally served on Plaintiff's on November 11, 2005, and dated November 9, 2005.

have been heard because it violated L.Civ.R. 7.1(d)(1). Rule 7.1(d)(1) states, in pertinent part, that "[n]o application will be heard unless the moving papers and a brief . . . are filed with the clerk at least 24 days prior to the noticed motion date." Although the Motion did reflect an incorrect return date, the Clerk set the correct return date for December 16, 2005.[3]

Plaintiffs' counsel also argues that it did not receive notice that the Motion had been filed, and operated under the assumption that it, along with opposing counsel, had agreed to an open-ended extension of the time to file a response. This claim is inconsistent with the record before the Court. First, the Court's electronic docketing system reflects that Plaintiffs' counsel was noticed at the email address of record[4] on November 23, 2005, when the Defendants filed their Motion for Summary Judgment with the Clerk. Second, the Court's electronic docketing system reflects that Plaintiffs' counsel was noticed at the same email address on November 23, 2005, when the Clerk set the returnable date for the Motion for Summary Judgment for December 16, 2005. Therefore, the Court finds that it was proper to consider Defendants' unopposed Motion for Summary Judgment.

---

[3]This is the same date that Plaintiff's counsel requested in its letter to the Court dated November 18, 2005, which exercised its right pursuant to L.Civ.R. 7(c)(5) to automatically extend the time to respond.

[4]In the interest of Mr. George's privacy, the email address of record will not be published here. However, it will be provided to counsel upon his request.

### III. Negligence Per Se as to the AICPA Guidelines

Finally, Plaintiffs argue that this Court should reconsider its January 10, 2006 Opinion and Order to the extent that it precludes Plaintiffs' claim of negligence per se for violation of 17 N.J.S.A. § 15A-38. However, Plaintiffs do not seek reconsideration of this Court's Opinion and Order to the extent that summary judgment was granted as to their claim of negligence per se for violations of the AICPA Guidelines.

The Court's January 10, 2006 Opinion and Order granted summary judgment in favor of Defendants as to Plaintiffs' claim for negligence per se for violations of the AICPA Guidelines. This Court was not presented with a motion for summary judgment as to Plaintiffs' claim of negligence per se for violation of 17 N.J.S.A. § 15A-38. Because a direct motion regarding this issue has not been presented to the Court, it has not, and will not at this time, pass on the propriety of the claim.

### CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Reconsideration of this Court's Opinion and Order of January 10, 2006 will be denied.

An appropriate Order will issue this date.

/S/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ, U.S.D.J.

Dated: March 15, 2006